UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00357-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID WAYNE SULLIVAN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant David Wayne Sullivan's Motion for Compassionate Release pursuant to 18 § U.S.C. 3582(c)(1)(A). (Doc. No. 34). For the reasons that follow, Defendant's Motion for Compassionate Release is **DENIED**.

**I.  BACKGROUND**

On November 15, 2011, a grand jury returned a nine count Bill of Indictment against the Defendant. (Doc. No. 1). The Indictment charged the Defendant with four counts of Possession with the Intent to Distribute Cocaine, three counts of Possession with the Intent to Distribute Crack Cocaine, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, and Possession of a Firearm by a Convicted Felon. Id. On May 1, 2012, acting pursuant to an agreement with the Government, Defendant pleaded guilty to the offenses of Possession with the Intent to Distribute Crack Cocaine, and Possession of a Firearm by a Convicted Felon. (Doc. No. 13).

On January 15, 2013, based on the Defendant's conduct in the underlying case and his criminal history, this Court sentenced the Defendant to 160 months of incarceration to be followed by six years of supervised release. (Doc. No. 25). On May 27, 2020, the Defendant filed a request with this Court seeking compassionate release. (Doc. No. 34). Defendant is currently incarcerated

1

at FCI Ashland. He has a projected release date of March 26, 2023 and has served approximately 65% of his sentence. (Doc. No. 40-1).

**II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In his Motion, Defendant generally contends that he should be released from custody because of several underlying medical conditions—diabetes, low blood pressure, and asthmatic respiratory illness. (Doc. No. 34). According to a BOP official, Defendant's request for compassionate release with the Bureau of Prisons has been denied, and he is not being considered for home confinement because "due to his current violent offense and a history of violence." Id.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent With applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1).

The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

3

Case 3:11-cr-00357-FDW   Document 43   Filed 12/09/20   Page 3 of 7

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i).[2] In particular, while COVID-19 may affect whether an inmate can show "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A), to make such a showing, a defendant must show that he or she has a condition or characteristic that is a cognizable basis for compassionate release under the current criteria, that condition or characteristic elevates the inmate's risk of becoming seriously ill from COVID-19 under the CDC guidelines, *and* that the defendant is more likely to contract COVID-19 in his or her particular institution than if released. See Feiling, 2020 WL 1821457 at *7.[3]

Defendant makes a general allegation that he is at risk of contracting COVID-19 due to prison conditions and that he has some medical issues that may place him at a higher risk of harm from exposure to COVID-19. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Hood, No. 5:18-CR-00005-KDB, 2020 WL 2091070, at *3 (W.D.N.C. Apr. 30, 2020)

---

[2] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.
[3] The United States acknowledges that, during the current COVID-19 pandemic, an inmate who presents one of the CDC risk factors, as confirmed by medical records, and who is not expected to recover from that condition, presents an extraordinary and compelling reason allowing compassionate release under the statute and guideline policy statement, even if that condition would not allow compassionate release.

4

("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, the Court will not grant a motion for compassionate release based on COVID-19 concerns.").

In his motion, Defendant lists a number of health issues. Most notably the Defendant's medical records indicate that he has Type 2 Diabetes mellitus and that he has a BMI that is over 30. (Doc. No. 40-2). According to the CDC, these two health issues place Defendant at increased risk of severe illness from COVID-19. Additionally, Defendant has also been diagnosed with Hyperlipidemia (High Cholesterol) and Asthma. According to the CDC individuals with these medical issues *might* be at an increased risk for severe illness from COVID-19. It appears that Defendant's medical conditions are currently being managed effectively at the incarceration facility with medications.

Defendant fails to identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See U.S.S.G. § 1B1.13, application note 1(D). Defendant also fails to provide any evidence that BOP cannot care for him or other inmates adequately. Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

Even if Defendant qualified for release due to extraordinary and compelling reasons, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. §

3553(a).

The § 3553(a) factors strongly support this Court's original sentence of 160 months in the custody of the BOP. On at least three separate occasions in 2011, Defendant demonstrated a willingness to distribute narcotics within the Charlotte community. (Doc. Nos. 1, 3). Additionally, Defendant maintained constructive possession of a firearm, as part of the distribution activity. Id. Defendant's actions in the underlying case were not outliers and are consistent with his criminal history up to the point of his arrest in in 2011. (Doc. No. 20). Defendant had previously been convicted of the following felony offenses in the state of North Carolina, Sell/Deliver Crack Cocaine, Possession With Intent to Sell/Deliver Crack Cocaine, Possession With Intent to Manufacture/Sell/Deliver Controlled Substance. Id. at 4. Defendant's prior felony convictions are what ultimately led to the revocation of his ability to possess a firearm.

This Court is well aware of the significant impact that narcotics distribution can have on a community. Possessing a firearm as part of the narcotics trafficking creates increases the likelihood of violence as part of narcotics trafficking. The nature and circumstances of Defendant's actions and his history and characteristics are clearly and accurately reflected in this Court's original sentence. Further, the sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided a just punishment for the Defendant's crimes. Accordingly, in light of the totality of the circumstances, Defendant has failed to demonstrate that he merits release under the § 3553(a) factors.

Considering Defendant's drug trafficking conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 1189) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant David Wayne Sullivan's Motion for Compassionate Release (Doc. No. 34) is **DENIED**.

IT IS SO ORDERED.

Signed: December 9, 2020

Frank D. Whitney
United States District Judge